## Duffy v. SEPTA

*Melvin Brookman,* for plaintiff.
*Joseph F. Keener, Jr.,* for defendant.

LEDERER, *J.,* July 7, 1975—This matter is before the court for consideration of plaintiff's motion to strike defendant's objections to plaintiff's supplemental interrogatories.

Interrogatory No. 1 states:

"Advise whether or not prior to or subsequent to March 12, 1971, any other trolley owned by defendant left the tracks at or near 17th and Pulaski Avenue, Philadelphia, Pennsylvania."

Interrogatory No. 2 asks for particulars if the answer to the first interrogatory is in the affirmative.

These interrogatories are deficient in that they lack any time limitation. The particulars of an instance where a trolley has left the tracks prior to March 12, 1971, may be relevant for purposes of both notice and the existence of a defective condition. The particulars of such instances subsequent to March 12, 1971, may be relevant as to the existence of a defective condition at the time of the accident. Investigations by defendant of such instances prior to the accident at issue is relevant to the issue of notice to defendant and was not prepared in anticipation of *this* litigation. However, the inter-

rogatories should have included reasonable time limitations; otherwise, they lose their relevancy: Hull v. Hudson Coal Co., 64 Lack. Jur. 157 (1962).

### ORDER

And now, July 7, 1975, a motion having been made by plaintiff to strike defendant's objections to plaintiff's supplemental interrogatories, and an answer thereto having been made by defendant, it is hereby ordered that the motion is denied; defendant's objections to plaintiff's supplemental interrogatories are sustained; and the aforesaid interrogatories are hereby striken, without prejudice to plaintiff to file additional interrogatories in conformity with the above opinion.